UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ORLANDO GRAVES,<br><br>        Plaintiff,<br><br>    v.<br><br><br>JOHNSON CONTROL WORLD SERVICES, INC. et al.,<br><br>        Defendants. | No. 05-01772-SC<br><br>ORDER RE: PLAINTIFF'S<br>MOTION TO REMAND |

## I. **INTRODUCTION**

Plaintiff Orlando Graves ("Plaintiff" or "Graves") filed this action on July 29, 2004 in Alameda County Superior Court. On April 28, 2005, Defendant Johnson Control World Services, Inc. ("Defendant" or "Johnson Control") removed the action to Federal District Court pursuant to 28 U.S.C. § 1441(b). Plaintiff now moves for remand to state court, alleging that the action was improperly removed because no basis for Federal Court subject matter jurisdiction exists. For the reasons explained herein, this Court hereby DENIES Plaintiff's motion in its entirety.

//

//

**II. BACKGROUND**

Plaintiff initiated this action by filing a complaint on July 29, 2004 in Alameda County Superior Court. The five-count complaint alleges that during his employ with Johnson Control, Plaintiff was subjected to discrimination and harassment based on his race, and that he was improperly discharged from his position as a technician at Defendant's facility. Complaint at 2-8. Plaintiff further alleges that Defendant's actions constituted a breach of contract and a breach of the implied covenant of good faith and fair dealing, and that Defendant intentionally inflicted emotional distress upon Plaintiff. Complaint at 8-11. All five counts contained in the complaint are at least nominally based upon California state law.

Johnson Control removed this action to Federal Court on April 28, 2005. In its notice of removal, Johnson Control asserted that the action became removable when it learned for the first time, on April 1, 2005, that Plaintiff's third cause of action for breach of contract of continued employment and fourth cause of action for breach of implied covenant of good faith and fair dealing would be based, at least to some extent, on the Union Collective Bargaining Agreement ("CBA") that governed the employment relationship between the parties. The basis for this assertion was Plaintiff's answers to interrogatories admitting that parts of the employment relationship between Graves and Johnson Control were governed by a

//
//
//

2

CBA.[1]

Plaintiff's answers to those interrogatories also demonstrate that he believes other "written rules, guidelines, policies, or procedures established by the employer," in addition to the CBA, provide legally sufficient bases on which to ground his third and fourth causes of action. See Declaration of Jennifer Hochschild, ("Hochschild Decl.") Ex. C & D; Plaintiff's Memorandum in Support of Motion to Remand, at 4 ("Pl. Mem."). Plaintiff therefore argues that since his claims will be based on those agreements and policies and will not require interpretation of the CBA, this Court does not have subject matter jurisdiction over this case.

## III. LEGAL STANDARD

A defendant may remove from state to federal court any civil action over which the district court would have had original jurisdiction. See 28 U.S.C. § 1441(a). Absent diversity of citizenship, federal question jurisdiction is required. Whether federal question jurisdiction is present is governed by the "well-pleaded complaint rule," which holds that federal question jurisdiction is proper only when presented on the face of plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 113 (1936). A motion to remand is

---

[1] Specifically, Plaintiff answered form interrogatory number 200.5 by admitting that "[p]art of the parties' employment relationship was governed by one or more collective bargaining agreements or memorandums of understanding between the employer and a labor union." Declaration of Jennifer Hochschild, Ex. C ("Hochschild Decl."). Plaintiff also answered Defendant's special interrogatory number 5 by stating that "Plaintiff accepted Johnson Controls [sic] employment offer with the full knowledge that a Union Bargaining Agreement was in place at Johnson Controls [sic]." Hochschild Decl. Ex. D.

3

the proper procedure for challenging removal.

Although Plaintiff's complaint does not contain any claims based upon federal law, Defendant asserts that the action was nonetheless properly removed because Plaintiff's third and fourth causes of action are completely preempted by federal law. See Notice of Removal ¶5. Specifically, Defendant claims that Plaintiff's third and fourth causes of action are preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Section 301 provides that

> "Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court in the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties."

29 U.S.C. § 185(a).

Although federal preemption is usually raised as a defense, and would therefore not serve as an appropriate basis for removal, see Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987), the Defendant in this case has invoked an "independent corollary" to the well pleaded complaint rule, known as the "complete preemption doctrine." See Franchise Tax Board of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 22 (1983). Under the complete preemption doctrine, when an area of state law is completely preempted by federal law, a claim based upon that area of state law is considered, from its inception, a federal claim. See Caterpillar, 482 U.S. at 393. The policy supporting this doctrine rests on the idea that state law "must yield to the

4

1 developing federal common law, lest common terms in bargaining
2 agreements be given different and potentially inconsistent
3 interpretations in different jurisdictions." Firestone v. S. Cal.
4 Gas Co., 281 F.3d 801, 802 (9th Cir. 2002) (quoting Livadas v.
5 Bradshaw, 512 U.S. 107, 122 (1994)).

6 The question of whether a state law claim is completely
7 preempted under § 301 depends on whether resolution of that state
8 claim "depends upon the meaning of the collective bargaining
9 agreement." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S.
10 399, 405-06 (1988). Where resolution of the state claim requires
11 interpretation of the collective bargaining agreement or is
12 "substantially dependent upon an analysis of the terms of [the
13 agreement]," the state law claims will be totally preempted by §
14 301 and federal jurisdiction exists. Lingle, 486 U.S. at 410
15 n.10. However, where the state claims only tangentially involve
16 provisions of the agreement, § 301 will not preempt the claims and
17 no federal question jurisdiction will exist. See Allis-Chalmers
18 Corp. v. Lueck, 471 U.S. 202, 211 (1985).

**IV. DISCUSSION**

20 In order for Plaintiff to prevail on his motion to remand, he
21 must demonstrate that his third and fourth causes of action do not
22 rely on the CBA and thus do not require an interpretation of the
23 terms of that agreement. The Court will consider each claim
24 separately to determine whether they are sufficiently independent
25 from the CBA to justify remanding this matter to state court.
26 //
27 //

A. <u>Third Cause of Action: Breach of Express and/or Implied Contract of Continued Employment</u>

Plaintiff's third cause of action asserts that "[b]ased on the written contract or oral representations and promises and or conduct of defendant, plaintiff had an employment contract with defendant...that he would be employed by defendant so long as his performance was satisfactory, and that defendant would not discharge him without good and just cause."  Complaint ¶55. Plaintiff further asserts that although he performed his job duties in a satisfactory manner, he was discharged in violation of his contract with Defendant and has suffered harm as a result. <u>Id</u>. ¶¶57-59.

In support of his motion to remand, Plaintiff argues that he "was treated differently than the other employees, who were subject to the same agreements, which included not only the CBA, but also...the independent rules and policies of Johnson Control." Pl. Mem. at 4.  Plaintiff further lists several of the "rules and policies" he claims will provide the basis for his claims, although he has not furnished the Court with a copy of those documents.  Thus, Plaintiff's moving papers have done little to elucidate the issue presently before the court, namely, does some independent basis exist in which Plaintiff may ground his claim for breach of contract?  Even if Plaintiff was treated differently from other employees, that inquiry is irrelevant to the issue of whether Plaintiff's claim for breach of contract for continued employment depends on the terms of the CBA.  Furthermore, Plaintiff has not provided the Court with any evidence

6

demonstrating the existence of an independent and valid contract for continued employment that could serve as the legal basis to support Plaintiff's third cause of action.

In response, Defendant seizes on Plaintiff's responses to the form and special interrogatories propounded by Defendant, in which Plaintiff admitted that the CBA constituted a contract that governed, at least in part, his employment relationship with Defendant. See Defendant's Memorandum in Support of Opposition to Motion to Remand at 6 ("Def. Mem."). That admission, Defendant argues, is sufficient to compel a finding that Plaintiff's claims are preempted, regardless of what other agreements existed between the parties, because the Court will invariably be called on to interpret the terms of the CBA in determining the scope of any rights created by other, independent agreements between the parties. Id.

Although the Court declines to endorse Defendant's position, which, taken to its logical end, would federalize any contract claim whenever a CBA is in place between the parties, see Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748-49 (9th Cir. 1991), it is clear that Plaintiff cannot prevail without providing evidence of a valid contract that could afford him relief outside the scope of the CBA. See Caterpillar, Inc., 482 U.S. at 396 ("a plaintiff covered by a collective bargaining agreement is permitted to assert legal rights *independent* of that agreement, including state-law contract rights, so long as the contract relied upon is *not* a collective bargaining agreement.") (emphasis original). However, the Court recognizes that discovery in this

7

1 matter is continuing and that evidence of such a contract may well
2 surface as the discovery process progresses.  Thus, the Court will
3 allow Plaintiff to renew his motion to remand this matter to state
4 court once discovery has been completed, if appropriate, but for
5 the purposes of Plaintiff's instant motion, the Court holds that
6 Plaintiff has not demonstrated that his third cause of action is
7 fit for remand to state court.

      B.   <u>Fourth Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing</u>

10      Plaintiff has not differentiated his arguments according to
11 the cause of action he claims is not appropriate for Federal Court
12 subject matter jurisdiction.  For example, his complaint reveals
13 that his fourth cause of action, for breach of the implied
14 covenant of good faith and fair dealing, is premised on the same
15 internal policies and conditions of employment on which Plaintiff
16 asserts he will base his claim for breach of contract.  Complaint
17 ¶61.  Additionally, Plaintiff's moving papers do not make claim-
18 specific arguments, but rather set forth one generalized argument
19 that ostensibly applies to both causes of action currently before
20 this court.  For that reason, the analysis set forth above applies
21 with equal force to Plaintiff's fourth cause of action, with one
22 significant addendum.

23      The Ninth Circuit has been consistent and clear in its
24 rulings with respect to federal preemption of claims for breach of
25 the implied covenant of good faith and fair dealing.  Those cases
26 make clear that "[t]he implied covenant tort is designed to
27 protect the job security of employees who at common law could be

8

fired at will." Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 999 (9th Cir. 1987). If an employee has comparable job security under the CBA, a claim for breach of the implied covenant of good faith and fair dealing will be preempted by § 301. See Jackson v. Southern California Gas Co., 881 F.2d 638, 644-45 (9th Cir. 1989); Chimel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286 (9th Cir. 1989); Newberry v. Pacific Racing Ass'n, 854 F.2d 1142, 1147 (9th Cir. 1988); Young, 830 F.2d at 999-1000.

Thus, if Plaintiff is to persuade this Court that his fourth cause of action is not preempted by § 301, he must not only surmount the hurdles he faces with respect to demonstrating that his claims are not encompassed by the CBA, but must also show that his claim for breach of the implied covenant is not controlled by Ninth Circuit precedent holding to the contrary. Although the Court was eventually furnished, upon request, with a copy of the CBA that was in place at the time of Plaintiff's employment, neither side provided the Court with any briefing concerning the contents of the CBA, and thus, the Court is hesitant to reach a final conclusion on this issue. Rather, the Court finds that for the reasons articulated in the previous section of this Order, Plaintiff has not submitted any evidence demonstrating that his fourth cause of action was improperly removed. As noted previously, however, the Court is cognizant of the fact that discovery is ongoing in this matter, and therefore will allow Plaintiff to renew his motion to remand at the close of discovery, provided that he develops evidence that will provide him a non-frivolous basis on which to so move.

9

**V.    CONCLUSION**

The Court acknowledges that not every state law claim will be preempted by § 301 of the Labor Management Relations Act, and is aware of the fact that removal jurisdiction should be narrowly construed.  However, given the fact that Plaintiff has admitted that a CBA was in place between the parties at the time of his employment, and has not directed this Court to any evidence of an independent basis in which he may ground his third and fourth causes of action, the Court is left without any grounds on which to remand the matter to state court.  Accordingly, Plaintiff's motion to remand this matter is hereby DENIED, although the Court will afford Plaintiff an opportunity to renew the motion upon close of discovery.  Parties to pay their own costs.

IT IS SO ORDERED.

Dated: September 6, 2005        _____

                                UNITED STATES DISTRICT JUDGE