United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLANDO GRAVES, | No. C-05-1772 SC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND <u>JUDGMENT</u> |
| JOHNSON CONTROL WORLD SERVICES, INC. <u>et al.</u>, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Olando Graves ("Plaintiff" or "Graves") filed this action alleging, <u>inter alia</u>, that his former employer, Defendant Johnson Control World Services ("Defendant" or "Johnson Control") discriminated against him based on his race in violation of state and federal law. On January 17, 2006, Defendant moved for summary judgment, and on March 13, 2006, the Court issued an Order granting Defendant's motion in its entirety. Plaintiff has now filed a motion under Federal Rule of Civil Procedure 59(e) ("FRCP") seeking to have the March 13, 2006 Order vacated and the matter set for trial.

For the reasons set forth herein, Plaintiff's motion is DENIED.

//

## II. BACKGROUND

The facts surrounding this case have been set forth at length in previous Orders of this Court, familiarity with which is presumed. See Docket ## 22 & 62. The Court granted Defendant's motion for summary judgment on Plaintiff's first, second, and fifth claims because the Court found that either the allegedly discriminatory acts did not amount to adverse employment actions, or because Plaintiff had wholly failed to present any evidence to counter the record proffered by Defendant that demonstrated racially neutral reasons for taking the actions Plaintiff claims were motivated by impermissible discriminatory animus.[1] Specifically, the Court found that Defendant had proffered substantial evidence negating or offering racially neutral explanations for each element of Plaintiff's prima facie case, and that Plaintiff could not meet his burden under the shifting approach employed by Courts evaluating discrimination claims at the summary judgment phase by relying wholly on his statements of opinion concerning Defendant's motivation and a recitation of Defendant's allegedly discriminatory actions. Accordingly, the Court granted Defendant's motion and entered judgment in its favor.

Plaintiff now moves for alteration or amendment of that

---

[1] The Court granted Defendant's motion for summary judgment on Plaintiff's third and fourth claims for relief because those claims were governed by a contract between the parties, which designated limited circumstances under which Plaintiff could obtain relief. Those circumstances were not implicated by the facts of this case. Plaintiff apparently does not quarrel with this finding. See Plaintiff's Memorandum in Support of Motion to Alter or Amend Judgment at 2 ("Pl's. Mem.")

2

1 judgment because, Plaintiff asserts, newly discovered evidence
2 demonstrates that genuine issues of fact exist, and that
3 alteration or amendment is necessary to avoid manifest injustice.

**III. LEGAL STANDARD**

FRCP 59 does not itself set forth a standard for alteration or amendment of judgment, however courts have recognized four grounds which justify altering or amending a judgment or order: (1) to incorporate an intervening change in the law; (2) to reflect new evidence not previously available; (3) to correct a clear legal error; and (4) to prevent manifest injustice. See EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997).

Evidence is not "newly discovered" within the meaning of FRCP 59 if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence. See Engelhard Industries v. Research Instrumental, 324 F.2d 347, 352 (9th Cir. 1963). Additionally, the proffering party must have acted with due diligence in attempting to discover the evidence, and the evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case. See Coastal Transfer v. Toyota Motor Sales, 833 F.2d 208, 210 (9th Cir. 1987).

**IV. DISCUSSION**

Plaintiff contends that the newly obtained declarations of three former co-workers qualify as newly discovered evidence and demonstrate that a genuine issue of material fact exists, precluding summary judgment for Defendant with respect to Plaintiff's first, second, and fifth claims for relief.

3

1  See Pl's. Mem. at 5.  Plaintiff also contends that the Court must
2  alter or amend the judgment in order to avoid manifest injustice.
3  See id.

4      A.    Newly Discovered Evidence

5      As noted above, to be considered "newly discovered," evidence
6  could not have been obtainable through exercise of reasonable
7  diligence.  See Engelhard Industries, 324 F.2d at 352.  Plaintiff
8  submits that the declarations he now relies on for relief were
9  unavailable to him prior to consideration of Defendant's motion
10 for summary judgment because "[the declarants] had not been
11 located, interviewed, or deposed."  Pl.'s Mem. at 5.

12     Plaintiff makes this assertion despite the fact that, as
13 early as March 2005, he was aware that these three declarants were
14 "persons who have knowledge of [his] claim."  See Declaration of
15 Scott P. Inciardi, Ex. B at 3 ("Inciardi Decl.") (reproducing
16 Plaintiff's responses to special interrogatories dated March 14,
17 2005).  As Defendant points out, two of the purportedly new
18 declarants - Alissa Morelan and Stan Thomas - were listed along
19 with their phone numbers.  Id.  And, in the new declarations
20 submitted, each declarant plainly states that Graves "frequently
21 discussed with [the declarant] his mistreatment," including
22 information related to each of the allegedly discriminatory acts.
23 See Declaration of Alissa Morelan ¶ 4, Declaration of Stan Thomas
24 ¶ 3, and Declaration of C.J. Gracia ¶ 3.  Far from representing
25 obscure, fringe figures who furtively observed Defendant's conduct
26 yet only recently stepped forward to support Plaintiff's claim,
27 these three declarations come from some of the witnesses most

obviously likely to have information supporting Plaintiff's case.

Apparently sensing the weakness in his argument, Plaintiff counters in his reply brief that,

> [w]ithout conceding any issues regarding the diligence expended or required to obtain the testimony of Stan Thomas and Alissa Morelan...plaintiff contends that his failure to obtain the testimony of C.J. Gracia was not for lack of reasonable diligence. C.J. Gracia was, as a practical matter, unavailable to plaintiff as he was an employee of defendant through February, 2006...and, because of the 5 deposition limit in this case, plaintiff was only able to depose a few of defendants [sic] employees.

Plaintiff's Reply in Support of Motion to Alter or Amend Judgment at 4 ("Pl's. Reply").

The Court notes, as an aside, that regardless of any limit on depositions, Plaintiff did not depose Mr. Gracia in support of the instant motion, and has not explained why he was previously unable to obtain a declaration like the one he now relies on. The Court finds that Plaintiff's explanation for why he was unable to obtain any of this new evidence prior to consideration of Defendant's motion for summary judgment wholly without force or persuasive effect. Simply stated, Plaintiff has not met his burden of demonstrating that the new evidence could not have been obtained through exercise of reasonable diligence. Accordingly, the Court finds that the new declarations do not qualify as "newly discovered evidence," and are therefore inappropriate for consideration in connection with Plaintiff's motion to alter or amend the judgment. See Engelhard Industries, 324 F.2d at 352; see also Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269-70 (7th Cir. 1996); Dale and Shelby

5

Superette & Deli v. U.S. Department of Agriculture, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

B.  Manifest Injustice

Plaintiff further argues that alteration or amendment of judgment is necessary to avoid manifest injustice. See Pl.'s Mem. at 5. The Court disagrees. Considering the record as it stood at the time judgment was entered, the Court finds that Defendant met its burden of providing racially-neutral reasons for taking its allegedly discriminatory actions. Plaintiff did not use his opposition to Defendant's motion for summary judgment to set forth other evidence of discriminatory animus or provide additional evidence of discrimination, but rather relied on bare-bones briefing and a declaration that either duplicated the allegations of the Complaint, or rested on Plaintiff's opinions as to Defendant's motivations. See Docket ## 47 & 48. Those opinions, however, were not supported by any other declaration, deposition, document, or other evidence, and therefore added little or nothing to Plaintiff's opposition. In sum, the Court finds that a review of the evidentiary record as it stood at the time of summary judgment does not indicate that the Court's decision caused manifest injustice.

//
//
//
//
//
//

6

**V.    CONCLUSION**

For the reasons set forth above, Plaintiff's motion to alter or amend the judgment is DENIED.

IT IS SO ORDERED.

Dated: May 11, 2006     
_____
UNITED STATES DISTRICT JUDGE